IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOIS DAVIS, §<br>        Plaintiff §<br>§<br>vs. §<br>4 §<br>§<br>FORT BEND COUNTY, §<br>        Defendant | | CIVIL ACTION  4:12-cv-00131<br>JURY DEMANDED |

## PLAINTIFF, LOIS DAVIS', ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Lois Davis, hereinafter called Plaintiff, complaining of and about Fort Bend County, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Lois Davis, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant Fort Bend County may be served by serving its Chief Executive Officer Robert Hebert with process at the following address: 301 Jackson Street, Richmond Texas 77469.

### JURISDICTION

3. The action arises under The Civil Rights Act of 1964, Title VII § 701, 42 U.S.C §2000e et. seq, as amended by the Civil Rights act of 1991, Title I, §§ 104, 109(a) as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

1

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation for Plaintiff reporting sexual harassment and religious discrimination.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with the Equal Employment Opportunity Commission. A charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Plaintiff was first employed by Defendant on or about December 17, 2007 as a Desktop Support Supervisor until she was terminated on or about July 5, 2011.

8. Plaintiff reported directly to Mr. Charles King. However, Charles Cook, the Defendant's IT Director gave Plaintiff additional responsibilities of supervising the Telecommunications technicians, managing research projects, recommending and implementing a new web-based help desk for Defendant.

9. On or about November 2009, Defendant and Charles Cook hired Kenneth Ford as Plaintiff's new manager. Mr. Ford was a personal friend and fellow church member of Mr. Cook prior to his (Mr. Ford) employment with Fort Bend County. Mr. Cook was personally involved and influenced the Defendant to employ Mr. Ford. Mr. Cook and Mr. Ford remained friends and co-workers throughout Mr. Cook's employment at Fort Bend County.

2

10. Shortly after Plaintiff's employment began, Plaintiff was subjected to constant sexual harassment and assaults by Mr. Charles Cook. These assaults occurred repeatedly over a period of three years. Mr. Cooks' sexual advances included numerous sexual innuendos, inappropriate touching and inappropriate comments of a sexual nature. Those sexual advances and comments included:

   a. **In 2008**: Mr. Cook approached Plaintiff while she was in a meeting with a co-worker and stated to the co-worker, "She has two pair." The co-worker responded, "What two pair?" Mr. Cook replied "spray on jeans." Mr. Cook then walked away.

   b. During a meeting, Plaintiff replied to a comment and stated, "I understand, I'm not a little girl." Mr. Cook responded by looking at Plaintiff's buttocks and stating, "No, you are not."

   c. During a meeting, Mr. Cook stated "he likes dark chocolate, like the Plaintiff."

   d. While standing in Mr. Cook's office, Plaintiff unconsciously adjusted a latch on her skirt and Mr. Cook made the comment, "no thanks, I've already eaten."

   e. **In 2009:** During a meeting, Mr. Cook blew a kiss at Plaintiff.

   f. During an informal conversation between co-workers, Plaintiff made the comment, "Mr. Cook used to wear a pocket-protector." Mr. Cook responded, "yeah, but she didn't wear a training bra." He also made reference to Plaintiff's buttocks.

   g. Plaintiff pulled a grey hair out of her head. Mr. Cook, made the comment, "Don't worry about the gray, unless it's hanging from you thong."

   h. After Plaintiff completed her conversation on her blackberry phone, she tried to place the phone in her pocket. Mr. Cook made the comment, "it won't fit, your butt is too big."

   i. During a staff meeting, Mr. Cook inappropriately touched the Plaintiff's leg twice.

3

11. Plaintiff repeatedly asked Mr. Cook to stop, however the inappropriate sexual advances and physical touching did not cease. The vulgarity of the sexual advances increased. Therefore, Plaintiff sought professional counseling and filed a sexual harassment complaint against Mr. Cook on or about April 1, 2010 with Defendant's Human Resources Department. Plaintiff was placed on Family Medical Leave (FMLA) with pay during the investigation. After a meeting with Defendant's management, which included Mr. Ford, Mr. Cook subsequently resigned from Defendant on or about April 22, 2010.

12. On or about May 12, 2010, Plaintiff met with Kenneth Ford and Human Resources to advise them of her intent to return to work. As soon as Plaintiff returned to work, Mr. Ford immediately began retaliating against Plaintiff for filing the complaint for sexual harassment against his friend and colleague, Mr. Cook. Mr. Ford intentionally reduced Plaintiff's responsibilities without explanation. Prior to the sexual harassment complaint, Plaintiff initiated, designed and managed the procurement and implementation of a new Help Desk System. After Plaintiff's return from FMLA and therapy she was removed from the project and Plaintiff's administrative rights[1] were removed.

13. On or about May 21, 2010, Mr. Ford called Plaintiff into his office to reprimand her. Mr. Ford reprimanded Plaintiff for taking an extended lunch break even though Plaintiff took her break at her desk the majority of the time. Mr. Ford is aware that Plaintiff was an exempt employee and he was reminded by Human resources that exempt employees do not have a lunch break policy.

14. Mr. Ford continued to make Plaintiff's work environment hostile. Mr. Ford requested Plaintiff to meet with him every morning for thirty (30) minutes to discuss ongoing projects.

---

[1] Each employee involved with the new Help Desk System is given certain network and computer access to the system. Plaintiff originally had full access to the system. Plaintiff had the right modify, add or delete parameters on the electronic system. However, that ability to work on the system was removed prior to her return.

This request was not given to any other supervisor. Mr. Ford also superseded Plaintiff's authority by giving direct orders, assigning different projects and tasks to Plaintiff's staff. Mr. Ford malice and retaliation tactics against Plaintiff caused discord and conflict amongst the IT employees including Plaintiff's personal staff.

15. On or about September 21, 2010, Mr. Ford called Plaintiff into his office to give Plaintiff a written warning for failure to complete an assigned task. However, this task was never assigned to Plaintiff. Mr. Ford knew this task was not assigned to Plaintiff; however he continued to reprimand her. Plaintiff contacted Mr. Ford's supervisor and Human Resources about the incident. After Plaintiff complained to Human Resources, the reprimand was removed from her file.

16. On or about March 2011, Defendant began the process of managing the installment of personal computers (PCs), network components and audio visual equipment into the newly built Fort Bend County Justice Center. All technical support employees were involved with the process. Plaintiff worked for several months on the project. Plaintiff worked more than sixty hours a week. Plaintiff also worked six days a week (without overtime or comp-time)[2] and often on weekends. Plaintiff was not compensated for her comp-time hours despite the fact she was an exempt employee, but was deducted time if she left early due to sickness or family emergencies.

17. On or about April 8, 2011 Kenneth Ford forwarded an email message to all employees that the weekend of July 4, 2011 was a mandatory period for all employees to be present. Kenneth Ford intentionally excluded Plaintiff from that email message.

18. However, on or about June 28, 2011, Plaintiff gave Mr. Ford notice that she would be

---

[2] Fort Bend County Policy allows exempt employees to gain comp-time when their hours exceed forty hours (40) or more a week. Comp-time is usually used by employees in lieu of using earned vacation time or sick time.

unavailable for work on Sunday July 3, 2011 due to a previous religious commitment. Plaintiff's Pastor requested that all members participate in this highly anticipated community service event. Plaintiff had specific duties assigned to her for this event. Plaintiff was in charge of the volunteer program that was responsible for feeding over three hundred (300) people. Plaintiff's church depended on her to be there. As a result, Plaintiff made reasonable accommodations for Fort Bend County by having one of her staff members cover her shift. Mr. Ford intentionally and knowingly waited until July 1, 2011 to respond to Plaintiff's request. Mr. Ford informed Plaintiff that if she were absent that day, that would be grounds for a write-up or termination. Mr. Ford intentionally placed Plaintiff in a position whereby she had to choose between her religious commitment and her employment. Plaintiff chose her religious commitment.

19. On or about July 3, 2011 Defendant removed Plaintiff's access to the building and network system. Defendant did not contact Plaintiff of their actions. Plaintiff reported to work on July 4th, but was denied access to her account.

## RESPONDEAT SUPERIOR AND RATIFICATION

20. Whenever in this complaint it is alleged that the Defendant, Fort Bend County, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## RELIGIOUS DISCRIMINATION

21. Defendant, Fort Bend County, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because she is a devoted Christian.

22. Defendant, Fort Bend County, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

23. The unlawful employment practices of Defendant, Fort Bend County by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because of her religious observance, practice, or belief.

24. Plaintiff alleges that Defendant, Fort Bend County by and through Defendant's agents, discriminated against Plaintiff on the basis of religion with malice or with reckless indifference to the protected rights of Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY FORT BEND COUNTY

25. Fort Bend County intentionally and recklessly cause Plaintiff to suffer physical and emotional damage. Defendant was aware of its Agent's ongoing sexual harassment and retaliation acts against Plaintiff. Defendant remedied the situation by wrongfully terminating Plaintiff based on religion. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION BY FORT BEND COUNTY

26. Plaintiff alleges that Fort Bend County instituted a campaign of retaliation which included:

    * demoting and removing Plaintiff from projects she managed,

7

\* intentionally reprimanding Plaintiff for acts she did not commit,

\* docking her pay, even though she is an exempt employee,

\* requiring her perform task that no other manager in her position were required to perform

This retaliation was and is due to Plaintiff exercising her rights by reporting sexual assault charges to human resources. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

27. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff,

   b. All reasonable and necessary costs incurred in pursuit of this suit,

   c. Emotional pain,

   d. Expert fees as the Court deems appropriate,

   e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole,

   f. Mental anguish,

   g. Humiliation,

   h. Physical discomfort

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lois Davis, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted.

_____
DARRYL E. SCOTT
Attorney for Petitioner
State Bar No.: 24075045
Southern District Bar No: : 1138469
3730 KIRBY DR. SUITE 1200
office: 713.534.7224
fax:    281.616.6245

_____
JESSICA R. ALEXANDER
Attorney for Petitioner
State Bar No.: 00993600
2218 Ruth Street
Houston, TX  77004
office: 832.230.6818
fax:    713.659.2217

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**