IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOIS M. DAVIS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:12-CV-00131 |
| VS. | § § | |
| FORT BEND COUNTY, | § § § | |
| Defendant. | § § | |

## JURY VERDICT

## QUESTION NO. 1

**In answering the question below, you are instructed as follows:**

To prevail on her claim, the Plaintiff, Lois M. Davis ("Ms. Davis"), must establish, by a preponderance of the evidence, that:

(1) Ms. Davis held a bona fide religious belief;
(2) her religious belief conflicted with a requirement of Defendant Fort Bend County's ("Fort Bend County");
(3) she informed Fort Bend County of her belief; and
(4) she suffered adverse employment action for failing to comply with the conflicting employment requirement.

**Question 1: Has Ms. Davis proved the above four elements?**

Answer "Yes" or "No."   __YES__

Go to Question 2.

## QUESTION NO. 2

**In answering the question below, you are instructed as follows:**

Fort Bend County must establish by a preponderance of the evidence that it:

    (1) reasonably accommodated Ms. Davis' religious observance; or
    (2) that it was unable to reasonably accommodate Ms. Davis' religious observance or practice without undue hardship on the conduct of its business.

If you find that Fort Bend County reasonably accommodated Ms. Davis' religious needs, you do not need to determine if alternative accommodations would have caused it undue hardship.

**Question 2: Do you find that Fort Bend County proved:**

    **A. That it reasonably accommodated Ms. Davis' religious observation?**

    Answer "Yes" or "No": _____No_____


    **B. That it could not reasonably accommodate Ms. Davis' religious observation without suffering undue hardship?**

    Answer "Yes" or "No": _____No_____


Go to Question 3.

## QUESTION NO. 3

**In answering the question below, you are instructed as follows:**

The Plaintiff must prove each category of damage by a preponderance of the evidence. Do not include the damages found in one subpart in your answer to any other subpart. Do not include interest.

**Question 3: What sum of money, if paid now in cash, would fairly and reasonably compensate Ms. Davis for the damages, if any, you have found the Fort Bend County caused Ms. Davis?**

Answer in dollars and cents for the following items and none other:

    A. Past inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    $ __50,000__

    B. Future inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    $ __0__

    C. Back pay.

    $ __103,584__

    D. Benefits that would have accrued prior to today.

    $ __195,922__

If you awarded damages to Ms. Davis in Question 3, then answer Question 4. Otherwise, do not answer Question 4, and go to the last page and have the foreperson date and sign the verdict.

Only answer Question 4 if you have awarded damages to Ms. Davis in Question 3.

**QUESTION 4**

**In answering the question below, you are instructed as follows:**

To succeed on the failure to mitigate defense, Fort Bend County must prove, by a preponderance of the evidence:

(1) that there was substantially equivalent employment available;
(2) Ms. Davis failed to use reasonable diligence in seeking, obtaining, and maintaining those positions; and
(3) the amount by which Ms. Davis' damages were increased by her failure to take such reasonable actions.

If Fort Bend County proves that Ms. Davis has not made reasonable efforts to find or obtain work, Fort Bend County does not also have to establish the availability of substantially equivalent employment.

**Question 4: Do you find that Plaintiff Lois Davis failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?**

Answer "Yes" or "No."   No

If you have answered Question 4 "Yes," then go to Question 5. Otherwise, do not answer Question 5, and go to the last page and have the foreperson date and sign the verdict.

If you have answered "Yes" to Question 4, then answer Question 5. Otherwise, do not answer Question 5 and go to the last page and have the foreperson date and sign the verdict

**QUESTION 5**

**How much would Ms. Davis have earned had she exercised reasonable diligence under the circumstances to minimize her damages?**

Answer in dollars and cents, if any.

$ _____

Go to the last page and have the foreperson sign and date the verdict.

This ends your deliberations. The foreperson should sign and date the verdict and inform the Court that a verdict has been reached.

We, the jury, have unanimously answered the above and foregoing special issues in the manner indicated in this verdict form and return these answers to the Court as our verdict.

|  |  |
|---|---|
| ORIGINAL ON FILE IN CLERK'S OFFICE | 10/1/19 |
| FOREPERSON | DATE |